IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301-1400,<br><br>*Defendant*. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Defense ("Defendant") is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 14, 2022, Plaintiff submitted a FOIA request to Defendant, seeking access to the following public records:

- A. Any and all reports submitted by a US military officer assigned to the National Security Council to his superiors relating to a conversation he overheard circa January 2017 at an "all-hands" NSC staff meeting between CIA analysts Eric Ciaramella and Sean Misko regarding trying to "get rid" of then-President Trump, as discussed in a January 22, 2020 Real Clear Investigations article available at https://www.realclearinvestigations.com/articles/2020/01/22/whistleblower_was_overheard_in_17_discussing_with_ally_how_to_remove_trump_121701.html.

- B. Any and all records relating to any investigations conducted by the Department of Defense and/or its sub-agencies and departments into the alleged conversation between Misko and Ciaramella referenced above, including but not limited to investigative reports and witness statements.

- C. All emails and communications sent to and from members of the Joint Chiefs of Staff regarding the alleged conversation between Misko and Ciaramella and any related investigations.

The time frame for the requested records is January 1, 2017, to the present.

6. On January 14, 2022, Plaintiff received two emails from Defendant acknowledging receipt of the request and informing Plaintiff that the request had been assigned case number 22-F-0428.

7. By letter dated January 19, 2022, Defendant informed Plaintiff that the processing of the FOIA request had begun; however, Defendant would not be able to respond within FOIA's

20-day statutory time period due to "unusual circumstances."  Plaintiff has received no further response.

8. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 1, 2022, at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 8, 2024						Respectfully submitted,

								*/s/ Michael Bekesha*
								Michael Bekesha
								DC Bar No. 995749
								JUDICIAL WATCH, INC.
								425 Third Street SW, Suite 800
								Washington, DC 20024
								Phone: (202) 646-5172
								Email: mbekesha@judicialwatch.org

								*Counsel for Plaintiff*