UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF DEFENSE,<br><br>       Defendant. | Civil Action No. 24-0068 (LLA) |

## JOINT STATUS REPORT

Plaintiff Judicial Watch, Inc. and Defendant U.S. Department of Defense, through counsel, respectfully submit this Joint Status Report pursuant to the Court's May 13, 2024, Minute Order.

1. This is a Freedom of Information Act case. Plaintiff filed its complaint on January 8, 2024, after Defendant did not provide a final determination on a January 24, 2022 FOIA request for:

    A. Any and all reports submitted by a US military officer assigned to the National Security Council to his superiors relating to a conversation he overheard circa January 2017 at an "all-hands" NSC staff meeting between CIA analysts Eric Ciaramella and Sean Misko regarding trying to "get rid" of then-President Trump, as discussed in a January 22, 2020 Real Clear Investigations article.

    B. Any and all records relating to any investigations conducted by the Department of Defense and/or its sub-agencies and departments into the alleged conversation between Misko and Ciaramella referenced above, including but not limited to investigative reports and witness statements.

    C. All emails and communications sent to and from members of the Joint Chiefs of Staff regarding the alleged conversation between Misko and Ciaramella and any related investigations.

2. Defendant timely answered on March 6, 2024 and amended the answer on March 19, 2024.

3. On July 8, 2024, by way of a draft joint status report, Defendant informed Plaintiff that Defendant has completed all searches in response to Plaintiff's FOIA request and did not locate any responsive records. Plaintiff, however, has not yet received a final determination letter.

4. In addition to not receiving a final determination letter by Defendant affirmatively stating that no records were located, Plaintiff also has not yet received any information about the searches that were conducted. Plaintiff therefore believes the best course of action is for Defendant to provide a draft search declaration so that Plaintiff has an opportunity to decide whether it will challenge the adequacy of Defendant's search (through summary judgment briefing).

5. In hopes of avoiding unnecessarily burdening the Court with litigation in this matter, Defendant plans to provide Plaintiff a draft search declaration by August 23, 2024.

6. The parties propose that they file an additional joint status report by September 9, 2024, to inform the Court whether any issues remain in this litigation and to propose, if necessary, a schedule for further proceedings.

| | |
|---|---|
| Dated: July 9, 2024<br>Washington, DC | Respectfully submitted, |
| | MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney |
| */s/ Michael Bekesha*<br>Michael Bekesha<br>Judicial Watch, Inc.<br>425 Third Street, SW Suite 800<br>Washington, DC 20024<br>(202) 646-5172<br>mbekesha@judicialwatch.org | BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By: */s/ Alexander Schreiber*<br>   ALEXANDER SCHREIBER<br>   D.C. Bar No. 1724820<br>   Special Assistant U.S. Attorney<br>   601 D Street, NW<br>   Washington, DC 20530<br>   (202) 252-6754<br>   Alexander.Schreiber@usdoj.gov |
| *Counsel for Plaintiff* | *Attorneys for the United States of America* |